**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

KENDRICK STORY                                                                              PLAINTIFF
ADC #109934

V.                                                5:13CV00286-DPM-JJV

MARK CASHION, Warden, Randall
L. Williams Unit; *et al.*                                                               DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr.   Any party may serve and file written objections to this recommendation.   Objections should be specific and should include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.        The detail of any testimony desired to be introduced at the hearing before the District

1

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.      INTRODUCTION

Plaintiff Kendrick Story filed this *pro se* action against Defendants pursuant to 42 U.S.C. § 1983, alleging that from September 2012 to February 2013, he was subjected to cruel and unusual punishment and that officials failed to protect him while he was incarcerated at the Randall L. Williams Unit.

Before the Court is Defendants' Motion to Dismiss (Doc. No. 12) based on the doctrine of *res judicata*. They state that Plaintiff already filed two lawsuits alleging the same facts - both of which have been dismissed. *Id.* After careful review of the Motion, and pursuant to the Court's screening authority, the Court finds this cause of action should be dismissed. 28 U.S.C. § 1915A.

### II.     ANALYSIS

Plaintiff alleges Defendant Cashion subjected him to cruel and unusual punishment by assigning him to work that exceeded his physical capabilities. (Doc. No. 2 at 4.) He also alleges that Defendant Waters failed to protect him from an assault by another inmate while he was working in the kitchen. (*Id.*) Plaintiff states Waters disregarded his complaints that the inmate threatened

him, and then she left the kitchen. Then the inmate attacked him with a dough knife which was not secured. (*Id*. at 4-5.) Plaintiff claims Defendant's failure to take adequate safeguards to protect him and leaving the area during the assault constituted deliberate and reckless indifference to his need for protection. (*Id*. at 5.)

Defendants are correct that Plaintiff already filed two lawsuits against these defendants alleging the same facts. In *Story v. Hobbs, et al*., 5:12CV00278-SWW-HDY (*Story I*), Plaintiff sued Cashion, Waters, and others for the same allegations of cruel and unusual punishment and failure to protect from harm. (*Story I*, Doc. No. 2.[1]) The Court dismissed Plaintiff's allegation against Defendant Cashion – that he assigned Plaintiff to field work despite his physical restrictions – with prejudice, for failure to support an Eighth Amendment claim against him.[2] (*Story I*, Doc. No. 85 at 5-7; Doc. Nos. 87, 88.) The Court based its decision on a review of Plaintiff's medical records and his job requirements. (*Id*.)

In his second lawsuit, Plaintiff again sued Cashion, Waters, and two others, making the same allegations of cruel and unusual punishment and failure to protect from harm. *Story v. Hobbs, et al*., 5:13CV00072-BSM-JTR (*Story II*). Plaintiff's allegations against Cashion and two others were dismissed based on the doctrine of *res judicata*. (*Story II*, Doc. No. 8 at 2.) The Court also dismissed the failure to protect claim against Waters, finding Plaintiff failed to state a claim upon which relief may be granted. (*Id.* at 5.) Plaintiff alleged he and another inmate were involved in an

---

[1]He included the same allegation against Defendant Cashion in this case, that Cashion failed to provide him with a job change despite his medical restrictions. (*Story II*, Doc. No. 2 at 6-7.) He also stated the same allegation against Defendant Waters, that she failed to protect him from harm in July 2012 when he was assaulted by an inmate while working in the kitchen. (*Id*. at 12.) He claimed the inmate cut him after telling Waters he did not want to work with the Plaintiff. (*Id*.)

[2]The Court dismissed without prejudice the remaining claims against the Defendants (including Waters) for failure to exhaust.

argument while working in the kitchen and Waters told them to stop or leave the kitchen. (*Story II*, Doc. No. 2 at 7; Doc. No. 8 at 3-4.)  Plaintiff told Waters he had no problems with the other inmate, so she walked back to her office.  (*Id.*)  The other inmate then assaulted Plaintiff with a dough knife which was not fastened to the counter.  (*Story II,* Doc. No. 2 at 7; Doc. No. 8 at 4-5.)  Waters then ran out of the kitchen to call for help, and officers arrived to stop the fight.  (*Id*.)  This dismissal was without prejudice, finding fatal to the claim Plaintiff's statement to Waters prior to the attack that he had "no problems" with the other inmate.  (*Story II*, Doc. No. 8 at 4.)  The Court also found Waters did not violate Plaintiff's rights when she left the kitchen, because guards do not have a duty to intervene in an armed altercation between inmates when doing so would place them in danger of physical harm.  (*Id*., citing *Prosser v. Ross*, 70 F.3d 1005, 1008 (8th Cir. 1995).)  Finally, the Court held that Plaintiff's claim that Waters failed to ensure the knife was fastened to the counter at most was negligence or gross negligence, and did not support a claim for deliberate indifference.  (*Story II*, Doc. No. 8 at 5.)  On appeal, the United States Court of the Appeals for the Eighth Circuit affirmed the dismissal.  (*Story II*, Doc. No. 21.)

Defendants correctly argue that Plaintiff's allegation against Cashion is barred by *res judicata*, as it was litigated on the merits in *Story* I.  *Res judicata* bars relitigation if there has been a final judgment on the merits of the same cause of action involving the same parties.  *First Nat'l Bank v. First Nat'l Bank of S.D.*, 679 F.3d 763, 767 (8th Cir. 2012).   The Court's prior finding that Cashion did not act with deliberate indifference to Plaintiff's serious medical or safety needs applies to bar the same allegation in this case.

However, the Court finds that *res judicata* does not apply to Plaintiff's allegations against Defendant Waters.  In *Story I*, Plaintiff's claims against Waters were dismissed without prejudice for failure to exhaust his administrative remedies.  This was not a decision on the merits of the case.

4

In *Story II*, Plaintiff's claims against Waters again were dismissed without prejudice for failure to state a claim upon which relief may be granted.  The United States Court of Appeals for the Eighth Circuit has held that any dismissal without prejudice pursuant to Arkansas Rule 12(b)(6) (which is comparable to Fed. R. Civ. P. 12(b)(6)), cannot be considered a final judgment for purposes of *res judicata*.  *See Percefull v. Claybaker*, 312 Fed. Appx. 827 (8th Cir. 2008) (per curiam); *Germain Real Estate Co., LLC v. HCH Toyota, LLC*, 2013 WL 4498789 (W.D. Ark. Aug. 21, 2013).

Nevertheless, Plaintiff still fails to state a claim upon which relief may be granted against Waters.  The allegations in this case are the same as in *Story* II*,* where the complaint included these details of the incident:  the inmate tried to start a verbal altercation with Plaintiff; Waters told the two to stop or leave the kitchen; Plaintiff told her that he had no problems with the other inmate; Waters returned to her office before the inmate attacked Plaintiff.  (*Story* II, Doc. No. 2 at 7.)  The Court may consider all these facts/details when reviewing the present complaint, pursuant to judicial notice.  *See Stahl v. United States Dep't of Agriculture*., 327 F.3d 697, 700 (8th Cir. 2003) ("district court may take judicial notice of public records and may thus consider them on a motion to dismiss").

This claim was adjudicated by the Court in *Story* II, and dismissal was affirmed on appeal.  And Plaintiff has not pled any new facts that would lead this Court to a different conclusion.  To support an Eighth Amendment claim for failure to protect, Plaintiff must allege that Defendant Waters knew of and acted with deliberate indifference to the danger posed by the other inmate.  *Holden v. Hirner*, 663 F.3d 336, 341-2 (8th Cir. 2011).  However, Plaintiff's allegations that he told Waters he had no problems with the other inmate, and that Waters provided him no aid during the assault to obtain help, do not support his constitutional claim.  As noted by the Court in *Story* II, guards do not have a constitutional duty to intervene in an armed altercation between inmates if

doing so would place the guard in danger of physical harm.  *See also Prosser v. Ross,* 70 F.3d at

1008.  Therefore, given the facts as set forth in the present complaint and *Story* II, the Court finds

Plaintiff's allegations again fail to state a claim upon which relief may be granted.  *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. at 570.

## III.   CONCLUSION

IT IS, THEREFORE,  RECOMMENDED that:

1.      Defendants' Motion to Dismiss (Doc. No. 12) be GRANTED and Plaintiff's

Complaint as to Mark Cashion be DISMISSED with prejudice, as to Emma Waters be DISMISSED

without prejudice.

IT IS SO RECOMMENDED this 16th day of October, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE